# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **TRACY JO RHINE, #38612-177,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:11-CV-0698-O (BK)** |
| | § | |
| **CARL DEATON, et al.,** | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the complaint be dismissed without prejudice for lack of jurisdiction or, in the alternative, with prejudice as frivolous.

## I. BACKGROUND

Plaintiff, a federal prisoner incarcerated within the Bureau of Prisons in Minnesota, filed a *pro se* complaint asserting civil rights violations under 42 U.S.C. § 1983 against Carl and Yolanda Deaton ("The Deatons"), the foster parents of her six year-old daughter; Kelly and Dean Swanda, two attorneys who filed suit on behalf of the Deatons to terminate Plaintiff's parental rights; Kee Ables; Nicole Ogle and Kimberly Higgins, of the Texas Department of Family Services; Karen Suggs; Covenant Kids Foster Agency; Arrow Project Foster Agency; Assistant District Attorney Taylor Prudell; and Anne Heiligstein of the Texas Department of Family Protective Service. (Doc. 1 at 1.) To obtain information about the factual basis of the claims, the Court issued a questionnaire, which Plaintiff answered. (Doc. 6.) Contemporaneously with this recommendation, the Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not

issue process.

The complaint presents claims stemming from the November 2006 termination of

Plaintiff's parental rights.[1]  Relying on an October 2009 article (which she allegedly received in

March 2010), Plaintiff alleges Defendants "conspired . . . to deprive [her] of her parental rights,

appointment of counsel, and her due process rights."  (Doc. 1 at 3.)[2]  Plaintiff requests

compensatory and punitive damages and the reinstatement of her parental rights.  (*Id.* at 8-9.)[3]

## II.  ANALYSIS

### A.      Subject Matter Jurisdiction

Before screening an *in forma pauperis* complaint under 28 U.S.C. §1915(e), the Court

must examine the threshold question of whether it has subject-matter jurisdiction.  That is an

issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of

any federal action.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324

(5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

---

[1] *See In the Interest of J.C., a child*, No. 324-397088-06 (324th District Court, Tarrant
County Nov. 5, 2006), *aff'd*, 250 S.W.3d 486 (Tex. App., Fort Worth, Mar. 13, 2008, pet.
denied) (affirming termination of parental rights and holding Plaintiff, as an indigent parent in a
private action to terminate parental rights, possessed no statutory right to appointed counsel),
*cert. denied*, *Rhine v. Deaton*, 130 S. Ct. 1281 (2010).

[2] Plaintiff encloses a copy of the October 2009 article with her complaint in *Rhine, as
Next Friend of J.C. v. Deaton, et al.*, No. 3:10-CV-2475 (N.D. Tex., Dallas Div.) (Doc. 1 at 7-8),
*transferred to the Fort Worth Division and dismissed with prejudice as frivolous*, No. 4:11-CV-
0026 (N.D. Tex., Fort Worth Div., 2011).

[3] In the memorandum in support of her motion to vacate, set aside, or correct sentence
under 28 U.S.C. § 2255, Plaintiff details the procedural history of the Deatons' private civil suit
to terminate her parental rights and the denial of appointed counsel, which allegedly caused her
to commit the federal criminal offense, for which she is presently incarcerated, to obtain $15,000
to hire an attorney.  *See Rhine v. United States*, No. 3:10-CV-2194–M (N.D. Tex. 2010) (Doc. 2
at 1-2); *United States v. Rhine*, No. 3:09-CR-133-M(01) (N.D. Tex.) (Sentencing Tr. at 25, 29).

matter jurisdiction, the court must dismiss the action.").

## 1. *Rooker-Feldman* **Doctrine**[4]

Plaintiff asserts civil conspiracy claims under 42 U.S.C. § 1983 stemming from a state court decision terminating her parental rights and denying her appointment of counsel. In addition to seeking monetary compensation, she requests reinstatement of her parental rights.

Although federal courts unquestionably have jurisdiction over claims under section 1983, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). By virtue of the *Rooker-Feldman* doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions. *Id.*; *see also* 28 U.S.C. § 1257(a) (Supreme Court may review state final judgments "by writ of *certiorari* ... where the validity of a statute of any State is drawn in question on the ground of it being repugnant to the Constitution, treaties or laws of the United States"). The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (quoting *Hale*, 786 F.2d at 691).

---

[4] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Stripped to its core, the instant complaint amounts to nothing more than a collateral attack on the November 2006 state court judgment terminating Plaintiff's parental rights and denying her appointed counsel. Plaintiff presented the denial of counsel and parental-right-termination claims at each level of the Texas state court system, and unsuccessfully sought review from the United States Supreme Court through a petition for writ of certiorari. Plaintiff now turns to this Court, casting her claims as a civil conspiracy. Her claims, however, are "intextricably intertwined" with the Texas state court ruling terminating her parental rights and denying her appointed counsel. *Hale*, 786 F.2d at 690-91 (civil rights action by former husband complaining about state court and state court's divorce decree was "inextricably intertwined" with questions of validity of the state court's decree, and beyond jurisdiction of federal court).

Whether this action constitutes an impermissible collateral attack on state court order terminating Plaintiff's parental rights, or simply presents constitutional claims that are inextricably intertwined with the state court's rulings, this Court lacks subject matter jurisdiction to review Plaintiff's claims under the *Rooker-Feldman* doctrine. *See Jordaan*, 275 F.Supp.2d at 788-89 (when federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action.). Consequently, this Court lacks subject matter jurisdiction over Plaintiff's claims seeking monetary damages and reinstatement of her parental rights.

**B.    Frivolous Dismissal**

Alternatively, assuming jurisdiction, the District Court should summarily dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of an

*in forma pauperis* complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to

state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant

who is immune from such relief. *See also* 28 U.S.C. § 1915A(b) (governing summary dismissal

of prisoner actions against governmental entities and their employees). A complaint is frivolous

when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless

legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are

held to less stringent standards than formal pleadings drafted by lawyers). Even under this most

liberal construction, the complaint is frivolous.

1. Civil Conspiracy

Plaintiff's civil conspiracy claims are barred by the statute of limitations. More than two

years have elapsed since the events giving rise to Plaintiff's claims occurred. *See Owens v.*

*Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies

in section 1983 cases); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions

in Texas are governed by the two-year personal injury limitations period; court can raise

affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ.

Prac. & Rem. Code Ann. § 16.003(a) (West 2011).

Although Plaintiff concedes the alleged civil conspiracy to terminate her parental rights

occurred in 2005 and 2006, she relies on the October 2009 article, in which the Deatons and their

attorneys allegedly "confirm[ed] and acknowledge[d] that they conspired . . . to deprive

[Plaintiff] of her parental rights." (Doc. 1 at 2-3.) The 2009 article, however, does not revive Plaintiff's civil conspiracy claims. For statute of limitations purposes, the civil conspiracy claims accrued when Plaintiff knew or should have known of the overt acts involved in the alleged conspiracy. *See Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). Here, as of November 2006, Plaintiff knew of the termination of her parental rights, which stemmed from Child Protective Services (CPS) dismissing its suit to terminate parental rights earlier that year, the Deaton's filing their own private parental-rights-termination action, and Plaintiff losing her right to appointed counsel as a result of a controversial Texas statute. *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Therefore, the civil conspiracy claims are clearly barred by the two-year statute of limitations.

Plaintiff cannot demonstrate that she is entitled to equitable tolling of the limitations period as a result of a "legal disability when the cause of action accrue[d]." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a)-(b) (West 2011) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). While she suffered from mental and emotional health issues, as conceded in her section 2255 motion, *see Rhine v. United States*, 3:10-CV-2194-M (N.D. Tex.) (Doc. 2 at 4-5; Doc. 7 at 2-3), Plaintiff does not allege that she was unable "to manage [her] affairs or to understand [her] legal rights or liabilities," and thus cannot show that she was of unsound mind at the time her cause of action accrued in 2006. *Helton*, 832 F.2d at 336 (quotation and citation omitted). Furthermore, her imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Accordingly, because Plaintiff's civil conspiracy claims are time bared, they lack an arguable basis in law.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** the complaint without prejudice for lack of jurisdiction.  Alternatively, it is recommended that the District Court **DISMISS** the complaint with prejudice as frivolous.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

SIGNED June 16, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE